## Gees *against* Shannon.

A voluntary appearance by an executor to a *scire facias* issued by a justice against him and a surviving co-defendant, and a confession of judgment for a sum exceeding 100 dollars by such executor, a transcript whereof is filed in the common pleas, is such a judgment as cannot be defeated upon a *scire facias* to revive the same with notice to terre-tenants.

IN the common pleas of *Cumberland* county.

This was a *scire facias* by the executor of Conrad Gees deceased, against Robert M'Elwaine, administrator of John Shannon deceased, and Robert Lusk, surviving executor of Hugh M'Elhenney deceased, with notice to Joseph M'Elhenney and other terre-tenants.

On the 28th of April 1821, the executors of Conrad Gees deceased obtained an amicable judgment for 174 dollars 21 cents, before a justice of the peace, against John Shannon and Hugh M'Elhenney; in 1823 this judgment was revived against both defendants by *scire facias.* In 1825 another *scire facias* was issued by the justice against John Shannon and Robert Lusk and Samuel M'Elhenney, executors of Hugh M'Elhenney deceased, to which Samuel M'Elhenney, one of the executors, appeared and confessed judgment, and the justice entered a judgment also against Shannon for 222 dollars 43 cents. A transcript of this judgment was filed in the common pleas in 1830. John Shannon having also died in the meantime, this *scire facias* was issued.

The defendants moved the court to strike off the transcript on the ground that the justice had exceeded his jurisdiction, and the proceeding was a nullity. The plaintiffs asked the court to permit them to amend their *scire facias.*

The court refused to permit the amendment, but struck off the transcript as a nullity.

*Penrose,* for plaintiff in error, cited, 12 *Serg. & Rawle* 72.

*Williamson,* for defendant in error, cited: Guilky *v.* Gillingham, 3 *Serg. & Rawle* 93; Braman *v.* Kelly, 8 *Serg. & Rawle* 479; Pedan *v.* Cox, 3 *Serg. & Rawle* 246; King *v.* King, 1 *Penn. Rep.* 15, 20; Walker *v.* Lyon, 3 *Penn. Rep.* 98.

PER CURIAM.—Undoubtedly the court could not have amended the entry of the prothonotary by the transcript of the first judgment. But was not the entry supported by the transcript of the last? The apparent defect in it is, that after one of the original defendants had been released by death, his personal representatives were brought on

the record and made jointly liable with the survivor, on whom the liability had exclusively devolved.   Had this been done by adversary process, the justice would have transcended his jurisdiction, and the judgment would have been void.   But it was rendered by voluntary appearance and confession, and, though erroneous, it cannot be inquired into in a collateral way.   The order to dismiss the transcript therefore is not sustained.

Order reversed, and the transcript reinstated.